# Howard *v.* W. U. Tel. Co.

### *Failure to Deliver Telegram.*

(Decided June 10, 1909.   49 South. 1036.)

*Principal and Agent; Evidence; Sufficiency.*—The fact that there was an understanding between plaintiff and his brother made about six years prior to the present action, and made at a time when their mother was sick, that if anything should happen to the father or mother, the brother would telegraph the plaintiff, was not sufficient to show a present agency of the brother so as to authorize plaintiff to maintain an action against the defendant telegraph company for damages for a failure to deliver a telegram sent by the brother.

APPEAL from Cleburne Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by J. L. Howard against the Western Union Telegraph Company for failure to deliver a telegram. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint alleges that William H. Howard, a brother of plaintiff, living at Rock Springs, Ala., delivered a message for and on behalf of the sendee at Rock Springs, to be transmitted to plaintiff at Edwardsville. The testimony of William Howard was that he resided at Rock Springs, Ala., and on the 19th day of October, 1907, he delivered a message to the agent of the Western Union Telegraph Company at Rock Springs, to be delivered to J. L. Howard at Edwardsville, Ala., stating that if he desired to see his mother alive again he had better come at once. The witness testified to an understanding with his brother, the sendee of the message, that should anything happen to his father or mother he was to send the message; that this agreement was made six years ago, while witness was living at Legard, Ala.; and he further testified that he would have sent the message without regard to this agreement. It is further shown that this agreement was made at Legard at the time their mother was sick about six years ago, at which time the sendee is alleged to have told his brother that if the mother got worse, or if any of them got sick, or if anything got the matter, for him to send sendee a telegram, and that this was all the agreement they had about sending messages.

BARKER & STEPHENS, for appellant.—The court erred in giving the affirmative charge for the defendant.— *W. U. T. Co. v. Prevatt,* 43 South. 106. Having been deceived by the defendant's agent, plaintiff was not bound by the endorsement made on the back of the telegram by the agent.—*Powell v. Prudential,* 45 South. 208; *Leonard v. Roebuck,* 44 South. 390.

[Howard v. W. U. Tel. Co.]

MERRILL & MERRILL, CAMPBELL & JOHNSTON, and KNOX, ACKER & BLACKMON, for appellee.—The defendant was entitled to the affirmative charge upon three distinct propositions: 1st, the complaint did not state a cause of action. 2nd, the agency of William Howard is not sufficiently established. 3rd, if the agency was established, plaintiff was bound by the stipulations on the back of the message. As to the last proposition, counsel cite.—*W. U. T. Co. v. Kirchbaum*, 132 Ala. 535; *Same v. Blocker*, 138 Ala. 484; *same v. Waters*, 139 Ala. 653. If this be true, the affirmative charge was properly given.—*Linan v. Jones*, 134 Ala. 570; *Scarbrough v. Rowan*, 125 Ala. 509. As to the 2nd proposition they cite.—*W. U. Tel. Co. v. Heathcoat*, 149 Ala. 623; *same v. Adams*, 46 South. 228; *same v. Prevatt*, 149 Ala. 617. On the 3rd proposition, they cite.—*W. U. T. Co. v. Prevatt, supra; same v. Edsall*, 63 Tex. 668; *White v. Western Union*, 14 Fed. 720; *Burroughs v. Pac. Guano Co.*, 81 Ala. 258; *Goetter-Weil & Co. v. Pickett*, 61 Ala. 387; *Campbell v. Larmore*, 84 Ala. 500; *Bank v. Webb*, 108 Ala. 137.

SIMPSON, J.—This action was brought by the appellant, against the appellee, for damages for failure to deliver a telegram, set out in the statement of the case. Whether there were errors or not is immaterial, as the evidence on the question of the agency of the sender of the telegram was not sufficient to submit that matter to the jury; and the court properly gave the general charge in favor of the defendant.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.